**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| AARON SINGER,<br><br>PLAINTIFF,<br><br>v.<br><br>INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD), E-125 - -YOUMANS IMPD Officer, E124 – SHAFFER IMPD Officer, E190 – MARTIN IMPD Officer, E290 - - ROBERTSON-COLLINS IMPD Officer,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1.25-cv-00870-JPH-MKK |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

City Defendants move to dismiss Plaintiff's Amended Complaint [Dkt. 21] pursuant to Federal Rule of Civil Procedure 12(B)(6) and 12(B)(1), due to Mr. Mr. Singer's failure to state a claim for which relief may be granted and for otherwise failing to comply with the Indiana Tort Claims Act for those claims which require it. Furthermore, Mr. Singer has failed to plead operative facts which would allow the City Defendants to reasonably respond – in that he has only listed four individually named Officers, but brings several causes of actions and incidents without identifying who did what. To the extent that certain claims are not addressed for dismissal with specificity, it is in part due to the difficulty in identifying whether certain allegations are even aimed at the named Defendant Officers. Such a lack of clarity makes

responding impractical, or otherwise excessively burdensome, violating Federal Rule of Civil Procedure 8. In support thereof, Defendants state as follows:

## **FACTUAL AND PROCEDURAL HISTORY**[1]

Mr. Singer alleges that, on January 22, 2025, he attempted to speak with an IndyGO manager at the Carson Transit Center. [Dkt. 21 at 4.] While attempting to make such report, he was unlawfully detained by two IndyGO security personnel. [*Id.* at 5-7.] Such conduct resulted in constitutional violations, including unreasonable search and seizure and damage to his property – after IndyGO personnel damaged his laptop. [*Id.*] Mr. Singer alleges that IMPD Officers arrived shortly thereafter, and that those officers failed to correct the situation, instead continuing the process of his detainment, searching him, and facilitating his transfer to jail. [*Id.* at 6-8.] Mr. Singer also alleges that the IMPD Officers failed to read him his *Miranda* rights or otherwise answer his inquiries about why he was being arrested. [*Id.* at 8.] When he was transported to the Marion County Jail, Mr. Singer alleges that jail officials subjected him to degrading and invasive conduct, such as a strip search and warrantless blood draw and finger printing. [*Id.*]

On February 25, 2025, Mr. Singer had a conversation with a woman who alleged she had experienced police misconduct outside of the restaurant Crab 99 in downtown Indianapolis. [*Id.* at 9.] Apparently moved by such conversation, Mr.

[1] City Defendants repeat Plaintiff's allegations contained in his Amended Complaint [Dkt. 21] without dispute in this Motion purely for the purposes of this Court's standard of review on a Motion to Dismiss. Defendants do not accept those facts as true, nor do they waive the ability to contest those facts in later proceedings and through discovery.

Singer spoke with three nearby IMPD Officers and described the January incident, discussing the matter. [*Id.* at 10.] Mr. Singer alleges that those IMPD Officers expressed concern and shock as to what he alleges to have occurred at the Carson Transit Center. [*Id.*]

Later that day, Mr. Singer went to the Indianapolis Public Library's downtown branch. [*Id.*] Though Mr. Singer apparently left the library without incident, his roommate and her boyfriend were questioned by IMPD officers at the library and followed them back to their shared residence. [*Id.* at 10-11.] When Mr. Singer arrived at the residence shortly thereafter, his roommate was visibly alarmed and decided to leave to spend the night at her boyfriend's residence. [*Id.* at 11.] IMPD Officers then arrived outside the residence, loudly calling to Mr. Singer from outside. [*Id.*] Mr. Singer stepped outside to speak with the officers, and was confronted by officers who reported that his roommate had reported that she felt unsafe around him. [*Id.*] No arrest or detention was made. [*Id.*] Mr. Singer's roommate later told him that she made no such report. [*Id.* at 12.]

On March 8, 2025, Mr. Singer attempted to confront IMPD officials and ask that they cease their ongoing harassment. [*Id.* at 12.] The Sergeant he spoke with was dismissive of his injuries but called the Officers he wished to speak with to speak with him. [*Id.*] Those officers were also dismissive of Mr. Singer's concerns and showed disrespect by not referring to him as Mr. Mr. Singer when asked. [*Id.* at 12-13.]

On March 9, 2025, Mr. Singer went to the Irsay Family YMCA and asked to have access to the facility's chapel. [*Id.* at 14.] YMCA staff reacted aggressively, threatening to ban him from the premises. [*Id.*] YMCA staff eventually called for emergency services, two officers arrived, and escorted Mr. Mr. Singer out of the building. [*Id.*]

Mr. Singer filed his initial Complaint in this matter on May 2, 2025, naming IMPD Officers Youmans, Shaffer, Martin, and Robertson-Collins as Defendants. [Dkt. 1]

On June 22, 2025, Mr. Singer was assaulted on a Red Line bus. [*Id.* at 15.] When he disembarked at the 42nd Street and College Avenue station and walked to IFD Station 31 to seek help, the firefighters failed to provide aid, summon an ambulance, or contact law enforcement. [*Id.* at 16.] Mr. Singer alleges that the IFD firefighters present, and the IMPD Officers who responded to the scene later when he walked by the IFD station again, were aware that he was a "federal witness. [*Id.*] Mr. Singer alleges that he was placed under arrest shortly after he told IMPD Officers that he had cases against IMPD and other municipal entities. [*Id.*] Mr. Singer does not identify that the Officers in question at the incident were the same as those listed in the caption. [*Id.*]

Mr. Singer filed his Amended Complaint on October 27, 2025. Mr. Singer has brought state law claims for Battery under Indiana Code section 35-32-2-1, Kidnapping Indiana Code section 35-32-3-2, false imprisonment under Indiana Code section 35-42-3-3, Conspiracy to Commit Sexual Battery under Indiana Code section

35-42-3-3, and Official Misconduct under Indiana Code section 35-44.1-1-1. Mr. Singer has also brought claims under 42 U.S. Code § 1983, *Monell*, and 18 U.S.C. §§ 1961–1964.

## LEGAL STANDARDS

### I. Trial Rule 12(B)(1)

Rule 12(b)(1) of the Indiana Rules of Trial Procedure authorizes dismissal of claims for lack of subject matter jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction presents the threshold question concerning the court's power to act." *Borgman v. State Farm Inc. Co.*, 713 N.E.2d 851, 854 (Ind. Ct. App. 1999). If the facts before the trial court are not in dispute, whether subject matter jurisdiction exists is purely a question of law. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). A party challenging the subject matter jurisdiction has the burden of establishing that jurisdiction does not exist. *Fight Against Brownsburg Annexation u. Town of Brownsburg*, 32 N.E.3d 798, 802 (Ind. Ct. App. 2015). When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may resolve factual disputes. *Branham v. Celadon Trucking Services, Inc.*, 744 N.E.2d 514, 519 (Ind. Ct. App. 2001).

### II. Trial Rule 12(B)(6)

Rule 12(b)(6) of the Indiana Rules of Trial Procedure authorizes dismissal of claims for "failure to state a claim upon which relief may be granted." Ind. Trial Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the lawsuit. *Safeco Insurance Company of Indiana v.*

*Blue Sky Innovation Group, Inc.*, 211 N.E.3d 564, 568 (Ind. Ct. App. 2023). In ruling on a motion to dismiss, the court construes all of the allegations of the complaint in the light most favorable to the complainant, and all well-pleaded facts and allegations in the complaint are accepted as true. *Shields v. Taylor*, 976 N.E.2d 1237, 1245 (Ind. Ct. App. 2012); *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1271 (Ind. Ct. App. 2000). Nevertheless, the Court does not accept as true conclusory, non-factual assertions or legal conclusions. *Richards & O'Neill, LLP v. Conk*, 774 N.E.2d 540, 547 (Ind. Ct. App. 2002). The plaintiff must "plead the operative facts necessary to set forth an actionable claim." *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008). Dismissal under Rule 12(B)(6) is appropriate where a plaintiff would not be entitled to recover "under any set of facts" alleged in the complaint. *Meyers v. Meyers*, 861 N.E.2d 704, 705 (Ind. 2007).

## <u>ARGUMENT</u>

### I. Mr. Mr. Singer's failure to follow federal pleading standards is grounds for dismissal, so his complaint should be dismissed.

Mr. Singer's Amended Complaint fails to adequately plead or plausibly establish that the individual City Defendants or the City deprived them of a federal right as is required to state a claim under 42 U.S.C. § 1983. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Under Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires that "[f]actual allegations must be enough to raise a [plaintiff's] rights to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965. The Supreme Court in *Bell Atlantic* wished to avoid rewarding a plaintiff who seeks either to increase the settlement value of a "largely groundless claim" or to force defendants through a long, costly discovery process. *Id*. at 1966.

The Seventh Circuit has held that *Bell Atlantic* requires the following for a complaint to state a claim: first, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds upon which it rests; and second, its allegations must plausibly suggest that a plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d at 1084 (*quoting E.E.O.C. v. Concentra Health Svcs*., 496 F.3d at 776).

Mr. Mr. Singer's Amended Complaint presents such a difficult problem in responding, such that it should be dismissed for a failure to present allegations of fact which could support his claims. Specifically, he identifies multiple interactions with IMPD, but fails to identify which Officers did what to the extent that City Defendants can reasonably respond. For instance, Mr. Mr. Singer has alleged a series of incidents in January, February, March, and June of 2025, wherein he was subjected to unfair,

tortious, and arbitrary conduct at the hands of IMPD. [*See* Dkt. 21.] However, despite alleging that he interacted with approximately 16 different IMPD Officers over the course of such incidents, he has largely failed to identify which specific Officers were involved in which incidents; and the fact that some Officers can be identified does not solve the issue. [*Id.* at 19.] For instance, Mr. Mr. Singer specifically named Officers Youman, Shaffer, Martin, and Robertson Collins in his initial Complaint [Dkt 1] filed in May of 2025. That being the case, one might infer that the Amended Complaint's allegations concerning the IMPD Officers at the June 2025 incident, were different than those which he interacted with in the January incident. Mr. Mr. Singer identifies little, if any, overlap in his interaction with Officers in 2025, and never mentions the named defendant officers again after identifying them as Defendants. [*See* Dkt. 21.] However, without information or clear allegations concerning who did what, coordinating a proper response presents an extreme burden. Furthermore, given the fact that IMPD is not an entity capable of being sued, many of the claims resting upon alleged incidents, with unnamed, non-defendant Officers, should likely be dismissed – but the Complaint does not provide enough information for the Court or City Defendants to identify whether that is the case.

Mr. Mr. Singer's Amended Complaint requires an inordinate amount of guess work, parsing, and inference in order to support his claims. Mr. Mr. Singer's Amended Complaint, though clearly presented and legible, presents more of a brief than a succinct and intelligible complaint which may be responded to. Indeed, Mr.

Mr. Singer's focus on applying his specific facts to legal standards has, perhaps, put the cart before the horse by omitting clearly and succinctly plead facts which would make an adequate response possible. Replying to specific counts demonstrates the manifold problems with this Complaint, making it akin to trying to "fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Therefore, due to the difficulty in responding to Mr. Singer's Amended Complaint, due to such failure to present a succinct and well-plead Complaint that can be responded to, such claims should be dismissed.

## II. Mr. Singer's claims against IMPD must be dismissed, as it is not an entity which may be sued.

IMPD is not a proper defendant to Mr. Singer's claims. Under Fed. R. Civ. P. 17(b)(3), a party's capacity to be sued is determined by state law. Indiana law "does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't.*, 636 F.3d 293, 300 (7th Cir. 2011). Thus, [a] city's police department … is not a proper party defendant." *Slay v. Marion Cty. Sheriff's Dep't.,* 603 N.E.2d 877, 887 (Ind. Ct. App. 1992). Therefore, all claims against IMPD, under both state and federal law, should be dismissed.

## III. Federal Law Claims

Mr. Singer has brought claims under 42 U.S. Code § 1983 alleging violations of his rights under the First, Fourth, and Fourteenth Amendment to the United States Constitution, as well as claims against a municipal entity under *Monell*.

**A. Mr. Singer's claims under 42 U.S. Code section 1983 of constitutional deprivations under the First and Fourteenth amendments to the United States Constitution should be dismissed.**

Mr. Singer has brought claims under 42 U.S. Code section 1983 alleging violations of his first, fourth, and fourteenth amendment rights. Defendants argue that his claims under the first and fourteenth amendments, based on the cognizable pleadings which can be responded to, should be dismissed.

**1. Mr. Singer has failed to allege facts which could support the inference that his alleged first amendment activity was a motivating factor in the allegedly retaliatory conduct.**

To prevail on a claim of first amendment retaliation claim a Plaintiff must show that "(1) [they] engaged in activity protected by the First Amendment; (2) [they] suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

Here, Mr. Singer has failed to show that they suffered a deprivation that would likely deter first Amendment activity in the future or that the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action. Firstly, Mr. Singer fails to allege facts sufficient to support a claim that the January 2025 incident was retaliatory in any way. Mr. Singer simply states that "Plaintiff's first unlawful detention followed his attempt to file a formal complaint regarding IndyGo misconduct – core petitioning activity protected by the first amendment." [Dkt 21 at 34.] However, Mr. Singer fails to allege sufficient facts

which would show that the City Defendants participated in his arrest or incarceration in retaliation for his attempt to report IndyGO, an unrelated municipal corporation. Mr. Singer has also failed to sufficiently allege the Officers present at the February or June incidents had any knowledge as to his federal filings or complaints, such that they were motivated by such information in order to retaliate. Indeed, he only states that the IFD officers and IMPD Officers present at the June incident were aware that he was a "federal witness," but only because he told them. [Dkt. 21 at 16.] Mr. Singer has not plead sufficient facts to show that the complained of conduct was due to his filings against IMPD, or even motivated by it. Without such information, the conduct Mr. Singer alleges in the February and June incidents, even if taken as true, could not have been motivated by any protected speech. *See Perez* , 792 F.3d at 783 (7th Cir. 2015). That being the case, he has failed to allege facts which would support a claim of retaliation.

**2. Mr. Singer's claims under the Fourteenth Amendment, alleging due process violations and violations of the equal protection clause, should be dismissed.**

Mr. Singer has brought claims under the Fourteenth Amendment for violations of his right to due process and substantive due process should be dismissed.

**i. Mr. Singer's claims under the substantive due process clause of the Fourteenth Amendment should be dismissed, as the facts offered in support are duplicative of his claims under the Fourth Amendment.**

The Supreme Court of the United States has made clear, and this court similarly has cautioned, that the scope of substantive due process is very limited. *See, e.g., Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir.2005) (*citing Washington v.*

*Glucksberg*, 521 U.S. 702, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)). The Due Process Clause is intended as a "limitation of the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). In essence, it affords protection of the individual against arbitrary action of government. *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Where the exercise of government authority involves law enforcement officials, the Supreme Court has stated that a plaintiff's substantive due process rights are violated where the alleged abuse of government power "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952).

However, courts also acknowledge that where the alleged actions constitute a claim under the Fourth Amendment, that is the appropriate standard of review and avenue for such claim. Specifically, this court has held that where "actions fall[ ] clearly within the ambit of those activities regulated by the Fourth Amendment," the Fourth Amendment provides the appropriate standard for evaluating the claim, and "there [i]s no need for the district court to further analyze the case under the strictures of the Fourteenth Amendment." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994) (*citing Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Thus, in order to establish a substantive due process violation, a plaintiff must show that the deputy's allegedly extortionate actions were not part and parcel of a seizure within the meaning of the Fourth Amendment.

Here, Mr. Singer has alleged conduct which falls within the scope of the Fourth Amendment, and therefore should be analyzed as such. Indeed, his complaint chiefly concerns allegedly improper seizures by IMPD Officers. Furthermore, he has already brought a claim under the Fourth Amendment of the United States Constitution. That being the case, "there is no need for the district court to further analyze" his claims "under the strictures of the Fourteenth Amendment." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994). Therefore, Mr. Singer's claim under the substantive due process clause should be dismissed.

**ii. Mr. Singer's claims under the procedural due process clause of the procedural due process claim should be dismissed for failing to allege any fundamental flaw in procedure offered.**

"A procedural due process claim requires a two-fold analysis. First, we must determine whether the plaintiff was deprived of a protected interest; second, we must determine what process is due." *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir.2004). "[I]n evaluating what process satisfies the Due Process Clause," one of our sister circuits has explained, " 'the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'" *Rivera–Powell v. New York City Bd. Of Elections*, 470 F.3d 458, 465 (2d Cir.2006) (*quoting Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir.1996)); *see also Strasburger v. Bd. of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir.1998) ("To show a failure of due process, a plaintiff might show that state procedures as written do not supply basic due process or that state officials acted in

a[ ] 'random and unauthorized' fashion in depriving the plaintiff of his protected interest." (*quoting Parratt v. Taylor*, 451 U.S. 527, 540, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). If the plaintiff alleges that "the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Rivera–Powell*, 470 F.3d at 465. "Under those circumstances, 'the availability of post-deprivation procedures will not, ipso facto, satisfy due process.' " *Id*. (*quoting Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880)).

By contrast, "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." Id. If the plaintiff has not availed herself of state remedies, he cannot "'state a valid procedural due process objection ... if [it] does not include a challenge to the fundamental fairness of the state procedures.'" *Hamlin v. Vaudenberg,* 95 F.3d 580, 583 (7th Cir.1996) (*quoting Doherty,* 75 F.3d at 323).

Here, Mr. Singer has failed to challenge the fundamental fairness of state/municipal procedures to challenge the alleged conduct. Singers' allegations generally allege that the municipal entities violated his constitutional rights and committed various torts as a result of IMPD Officers' conduct – specifically during alleged incidents in January, February, and June. [*See generally* Dkt. 21.] However, Plaintiff has failed to allege that such conduct was unable to be procedurally challenged. Mr. Singer was able to challenge such procedure to the extent any criminal proceedings followed. Furthermore, Mr. Singer has initiated this litigation

in response, and could have done so in state court if he had chosen to do so. He also had the opportunity to contest any allegedly tortious conduct under the ITCA. Therefore, he has failed to allege or show how any of the process available to him was insufficient. *See*" *Hamlin v. Vaudenberg,* 95 F.3d at 583 (requiring a challenge to the fundamental fairness of state procedures.) His claims for a deprivation of procedural due process should, therefore, be dismissed.

### 3. Plaintiff's claims under *Monell* against IMPD, the only entity named as a Defendant, must be dismissed because it is not an entity which may be sued.

As explained above, IMPD is not an entity which is capable of being sued. Indiana law "does not grant municipal police departments the capacity to sue or be sued." *Sow*, 636 F.3d at 300. Therefore, because *Monell* claims seek to impose liability onto a municipal entity, but because Mr. Singer has not named an appropriate one, his claim must be dismissed.

## B. Mr. Singer's claims under 18 U.S.C. §§ 1961–1964 fail to allege the facts necessary for a claim of relief to be granted, as he may not bring such a claims against a municipality or its employees.

The prevailing position of courts regarding civil RICO claims against municipalities is that "municipalities are not liable for civil RICO claims." *Lathrop v. Juneau & Associates, Inc. P.C.*, 220 F.R.D. 330, 334 (S.D. Ill. 2004); *see also Aviation Professionals Institute LLC v. Gary/Chicago International Airport Authority*, Case No. 2:06-CV-257 WCL-APR, 2007 WL 3286890, *5 (N.D. Ind. Nov. 6, 2007); *Newkirk v. Village of Steger*, Case No. 02 C 9077, 2004 WL 2191589, *13-15 (N.D. Ill. Sept. 24,

2004). In holding as such, Courts focus on two points. First, municipalities are "incapable of forming the malicious intent necessary to support a RICO action." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404-405 (9th Cir. 1991). Second, "civil RICO damages are exemplary." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3rd Cir. 1991). Though undersigned counsel was unable to locate a position on from the Seventh Circuit on such issue, this Court has, in recent history, recognized that municipalities may not be held liable under RICO. *See F & J Apartments, LLC v. Hall*, No. 418CV00010SEBDML, 2019 WL 1227696 at *2 (S.D. Ind. Mar. 15, 2019)(reviewing other circuits and determining that municipalities may not be held liable under RICO.)

Mr. Singer has failed to provide any legal authority to the contrary. Instead, all Courts ruling upon this issue have held that a municipality cannot be liable under civil RICO. *See McGee v. City of Warrenville Heights*, 16 F. Supp.2d 837, 848-849 (N.D. Ohio 1998); *Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 457 (S.D.N.Y. 1998) (collecting cases); *Pine Ridge Recycling, Inc. v. Butts County, Ga.*, 855 F. Supp. 1264, 1273-1274 (M.D. Ga. 1994). For example, the Sixth Circuit has held that counties are not persons because they lack "the capability to form the mens rea requisite to the commission of the predicate acts." *Call v. Watts*, 142 F.3d 432 (6th Cir. 1998). Similarly, the Third Circuit has acknowledged that a municipal corporation cannot be liable under RICO, although the court based its holding on the conclusion that RICO's "mandatory award" of treble damages serves a "punitive purpose" which does

not apply to public bodies. *Genty v. Resolution Trust Corp*., 937 F.2d 899, 914 (3d Cir. 1991).

While a municipal entity may be a RICO enterprise*, see United States v. Emond*, 935 F.2d 1511, 1512 (7th Cir. 1991), it is not subject to RICO liability. *Lancaster Comm. Hospital v. Antelope Valley Hosp. Dist*., 940 F.2d 397, 404-05 (9th Cir.1991); *Genty v. Resolution Trust Corp*., 937 F.2d 899, 914 (3d Cir.1991); *Lathrop v. Juneau & Assocs., Inc*., P.C., 220 F.R.D. 330, 334 (S.D. Ill. 2004); *Haroco Inc. v. American National Bank*, 747 F.2d 384, 401-02 (7th Cir.1984). Therefore, the City Defendants cannot be held liable under Mr. Singer's RICO claim. Likewise, the claims against the IMPD Officers in their official capacities cannot be maintained. *Lathrop*, 220 F.R.D. at 335 (*citing Sanville v. McCaughtry*, 266 F.3d 724, 732-33 (7th Cir.2001) (stating "[o]fficial capacity suits are actions against the government entity of which the official is part")). *Nammari v. Town of Winfield*, No. 2:07-CV-306, 2008 WL 4757334, at *6 (N.D. Ind. Oct. 29, 2008).

Therefore, all claims against IMPD, Officer Youmans, Officer Shaffer, Oficer Martin, and Officer Robeston-Collins should be dismissed due to Plaintiff's failure to plead a cognizable claim against the City Defendants.

**IV. State Law Claims**

Mr. Singer has brought the following claims under state law, citing to criminal statutes: Battery under Indiana Code section 35-32-2-1; Kidnapping Indiana Code section 35-32-3-2, False Imprisonment under Indiana Code section 35-42-3-

3, Conspiracy to Commit Sexual Battery under Indiana Code sections 35-42-3-3 and 35-41-5-2; and, Official Misconduct under Indiana Code section 35-44.1-1-1.

### A. Mr. Singer's state law claims must be dismissed, as he has failed to file a timely tort claim notice as required by the Indiana Tort Claims Act.

At the outset, Mr. Singer's claims under state law must be dismissed – as he has failed to comply with the Indiana Tort Claim Act by not filing a timely tort claim notice. ITCA governs lawsuits against political subdivisions, like the Indianapolis Metropolitan Police Department and former Chief Randall Taylor. *Davidson v. Perron,* 716 N.E.2d 29, 34 (Ind. Ct. App. 1999*),* The Indiana Tort Claims Act ("ITCA") provides that "a claim against a political subdivision is barred unless notice is filed ... within one hundred eighty (180) days after the loss occurs." Ind. Code § 34–13–3–8(a). "The notice provision [of the ITCA] is ... a procedural precedent which must be fulfilled before filing suit." *Goff v. Bourbeau*, No. 220CV00019JPHMJD, 2022 WL 4599204, at 5 (S.D. Ind. Sept. 30, 2022) (*quoting Weaver v. Elkhart Community School Corporation*, 95 N.E.3d 97, 101 (Ind. Ct. App. 2018)). A claimant must then wait for the City of Indianapolis to make a decision, which may occur through notice to the claimant or when, after 90 days, such claim would be considered denied without a response: "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." Ind. Code § 34–13–3–8(a). Once a defendant raises failure to comply with the notice requirements of the ITCA, the burden then shifts to the plaintiff to prove compliance. *Davidson*, 716 N.E.2d at 34. "The issue of compliance has been held to be a procedural precedent which is not a

question of fact for the jury but is to be determined prior to trial by the court." *Bd. of Aviation Comm'rs of St. Joseph Cnty. v. Hestor*, 473 N.E.2d 151, 153 (Ind. Ct. App. 1985).

The City has no record of a timely tort claim notice being filed. For context, Mr. Singer's Amended Complaint lists specific alleged incidents that occurred in January 22 – 23 2025, February 25, 2025, and June 22-26, 2025. [Dkt. 21 at 2–3.] To investigate whether there was compliance with ITCA, Office of Corporation Counsel employee Kristy Galbate, who is tasked with tracking and maintain such records, has provided an affidavit on this subject. Galbate's affidavit affirms that the City of Indianapolis did not receive a timely tort claim notice from Mr. Singer for any of the incidents in question. (Exhibit A.) Again, "[t]he notice provision [of the ITCA] is ... a procedural precedent which must be fulfilled before filing suit." *Goff*, No. 220CV00019JPHMJD, at 5 (S.D. Ind. Sept. 30, 2022) (*quoting Weaver*, 95 N.E.3d at 101 (Ind. Ct. App. 2018)). Mr. Singer had 180 days from each of the alleged incidents in order to file a tort claim, to the extent that any state law claims are based upon such conduct. Mr. Singer failed to file a timely tort claim notice with the City of Indianapolis within 180 days of the January or February incidents. [Exhibit A.] Dismissal is required for all state law claims, in that Plaintiff has yet to file a tort claim and the City of Indianapolis was unable to respond to any of Plaintiff's claims, which are jurisdictional prerequisites to bringing such claims. Ind. Code § 34–13–3–8(a). Therefore, because Plaintiff failed to take the proper procedural steps in submitting a tort claim and allowing the City of Indianapolis time to investigate such

claim before filing suit, he has skipped a procedural prerequisite, requiring dismissal under Federal Rules of Civil Procedure 12(B)(1) and (6).

**B. Mr. Singer's state law claims must be dismissed, as none of the statutes relied upon for his causes of action confer a private right of action.**

When a civil cause of action is premised on the violation of a duty imposed by statute, the initial question is whether the statute in question confers a private right of action. Roberts v. Sankey, 813 N.E.2d 1195, 1198 (Ind.Ct.App.2004), trans. denied. A private party generally may not enforce rights under a statute designed to protect the general public and containing a comprehensive enforcement mechanism or remedies for violation of the duty. *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1260 (Ind. 2000). Where a statute does not explicitly provide a private right of action to enforce its provisions, courts are frequently asked to find that the legislature intended that a private right of action be implied. *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 509 (Ind.2005).

None of Mr. Singer's cited criminal statutes contain language which would suggest that the legislature intended them to provide a private right of action to pursue a tort claim based upon those statutes. Mr. Singer explicitly attempts to bring his causes of action under the following citations under Indiana Criminal Code:

- Battery under Indiana Code section 35-32-2-1
- Kidnapping Indiana Code section 35-32-3-2,
- False Imprisonment under Indiana Code section 35-42-3-3,
- Conspiracy to Commit Sexual Battery under Indiana Code sections 35-42-3-3 and 35-41-5-2; and,
- Official Misconduct under Indiana Code section 35-44.1-1-1.

These claims should be dismissed because none of the cited criminal statutes contain language which would explicitly provide a right for individual citizens, and each already contains language referencing comprehensive criminal enforcement procedures. *LTV Steel Co. v. Griffin*, 730 N.E.2d at 1260. Indeed, while common intentional torts may exist for some of these claims already, such as battery, there is no evidence that the legislature intended private rights of action under these specific criminal codes. *Blanck,* 829 N.E.2d at 509 (requiring courts to determine that the legislature have intended a private right of action, absent explicit language). Further, many of Mr. Singer's claims under Indiana criminal code have no tort-claim counterpart. That being the case, and because none of them provide for a private right of action to proceed – those claims must be dismissed due to Mr. Singer's failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the forgoing, Plaintiff's Amended Complaint should be dismissed. Mr. Mr. Singer's Amended Complaint is too poorly plead to respond to or identify what claims and allegations need to be defended, a violation of Federal Rule of Civil Procedure 8. Mr. Mr. Singer may not bring a claim against IMPD, who is not an entity capable of being sued. Mr. Mr. Singer has failed to state a claim for which relief may be granted as to any of his state law claims – for failing to comply with the procedural prerequisites of the ITCA and for relying upon criminal statutes without a private right of action. Furthermore, as to his federal law claims, Mr. Mr. Singer's claims under the first and fourteenth amendments of the United States Constitution

should also be dismissed, for failing to state a claim upon which relief may be granted.

WHEREFORE, the City Defendants respectfully requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(B)(6) and 12(B)(1) and for all other just and proper relief.

Respectfully submitted,

OFFICE OF CORPORATION COUNSEL

*/s/ Brian Coppinger*
Michael Brian Coppinger (36179-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
Brian.Coppinger@indy.gov

## CERTIFICATE OF SERVICE

I certify that on this Monday, November 10, 2025 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by

operation of the Court's electronic filing system. I further certify that the following Pro-Se plaintiff was served via United States Mail at the following address:

**AARON MR. SINGER** 2885 Sanford
Ave SW #44354
Grandville, MI 49418

Respectfully submitted,
OFFICE OF CORPORATION COUNSEL

*/s/ Brian Coppinger*
Michael Brian Coppinger (36179-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
Brian.Coppinger@indy.gov