**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| AARON SINGER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00870-JPH-MKK |
| | ) | |
| INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD), E-125 - -YOUMANS IMPD Officer, E124 – SHAFFER IMPD Officer, E190 – MARTIN IMPD Officer, E290 - - ROBERTSON-COLLINS IMPD Officer, | ) | |
| | | |
| DEFENDANTS. | | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff's Response to the Motion to Dismiss [Dkt. 26] (hereinafter "Plaintiff's Response") is a testament to problems underlying the Amended Complaint. They are both confused, complicated in the wrong ways, and full of irrelevant material for the matter at hand. Specifically, Plaintiff's Response contains numerous non-existent quotations, misstates the procedural history of this case, and fails to logically engage with most of the arguments made by Defendants' Motion to Dismiss. Mr. Singer's only arguments which might be said to address the substance of Defendants' arguments are based upon unsupported legal conclusions, lacking

any precedential or authoritative value. Defendants' Motion to Dismiss should be granted in its entirety.

## II. ARGUMENT

### I. Mr. Singer has failed to engage substantively with Defendants' arguments concerning the lack of clarity in the Amended Complaint, and has ultimately failed to identify how a response could be possible given the lack of crucial information.

The Amended Complaint cannot be reasonably responded to, and rather than refuting this argument with citations to the record, Mr. Singer simply asserts that Defendants are wrong, without doing any work to show how that is the case. Again, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has held that *Bell Atlantic* requires the following for a complaint to state a claim: first, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds upon which it rests; and second, its allegations must plausibly suggest that a plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d at 1084 (*quoting E.E.O.C. v. Concentra Health Svcs.*, 496 F.3d at 776). However, a Complaint may be dismissed when the substance of a document is so difficult to respond to that

it is akin to attempting to "fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Mr. Singer's sole arguments is are that Defendants have misstated the standards of review for this Court and the flat assertion that the Amended Complaint is specific enough to respond to. However, the mere fact that a *pro se* Plaintiff's Complaint should be liberally construed, does not mean that a pleading which does not put a Defendant on proper notice may be allowed to proceed. Mr. Singer asserts "Mr. Singer's amended complaint outlines specific dates, officer conduct, and institutional context in a clear, organized fashion[;]" but fails to grapple with the actual substance of Defendants arguments. [Dkt. 26 at 5.] Though he alleges interacting with sixteen different law enforcement officers throughout the Amended Complaint, he never identifies a single one. [*See* Dkt. 21 at 19.] While such an omission could be overlooked in some cases, it cannot be when there are named Defendant Officers who need to respond to the allegations made. Indeed, it is still not clear what conduct – if any – is actually attributed to the named defendant-officers in this matter based on Mr. Singer's Amended Complaint. He has done nothing, rather than flatly conclude otherwise, to provide evidence against this point. Therefore, Plaintiff's Amended Complaint should be dismissed.

## II. Mr. Singer's cited authority does not actually support his argument that IMPD may be sued.

Mr. Singer's offered authority to support the idea that IMPD may be sued, does not actually support such a position. Under Fed. R. Civ. P. 17(b)(3), a party's capacity to be sued is determined by state law. Indiana law "does not grant municipal police

departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't.*, 636 F.3d 293, 300 (7th Cir. 2011). Thus, [a] city's police department … is not a proper party defendant." *Slay v. Marion Cty. Sheriff's Dep't.,* 603 N.E.2d 877, 887 (Ind. Ct. App. 1992).

Mr. Singer offers a few cases to support his claim that IMPD may be sued, but none actually refute the City's position. Mr. Singer's offered cases, even where IMPD is a named Defendant at one point in the case, do not mean that IMPD is a proper defendant under the law. To the extent that Mr. Singer attempts to rely on *Monell* to support such a position, his conclusion does not logically follow from that case. Therefore, IMPD is not a proper Defendant and should be dismissed.

## III. Federal Law Claims

Singer has brought claims under 42 U.S. Code § 1983 alleging violations of his rights under the First, Fourth, and Fourteenth Amendment to the United States Constitution, as well as claims against a municipal entity under *Monell*.

### A. Mr. Singer has still failed to plausibly identify how Defendants would have been motivated, or have any knowledge, of his alleged first amendment activity.

Mr. Singer has still failed to demonstrate how Defendants could have possibly been motivated to act based on his alleged first amendment activity. To prevail on a claim of first amendment retaliation claim a Plaintiff must show that "(1) [they] engaged in activity protected by the First Amendment; (2) [they] suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants'

decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

Here, Mr. Singer has still failed to show how any of the alleged conduct was motivated by his alleged first amendment activity, or how the specific and unidentified officers could plausibly have such knowledge. Mr. Singer simply asserts, without citation, that IMPD "endorsed and expanded" on retaliatory conduct by IndyGO after he allegedly went to file a complaint with IndyGo. However, Mr. Singer does not logically connect the two – and provides no plausible reason why IMPD or its Officers would care or even know about his alleged attempt to make a complaint with IndyGO. If taken as true, Mr. Singer's allegations that IMPD was called to the scene and facilitated his transport and arrest after being called by IndyGO's hired law-enforcement officers, they would have arrived for that purpose, and not for the purpose of undertaking IndyGO's alleged animus.

Mr. Singer also fails to show how this instigating event, as alleged, could somehow have motivated IMPD and other Defendants into acting in retaliatory fashion later. He does not allege that any of the Defendants were aware of this previous interaction at the transit center. The only time he alleges anyone knew that he had previous interactions with IMPD was because he told them in the middle of an incident at IFD station 31. All of these arguments are unsupported by record citation or applicable authority and underscore the convoluted nature of Mr. Singer's claims. That all being the case, Mr. Singer's claim of First Amendment retaliation

should be dismissed.

1. **Mr. Singer's claims under the Fourteenth Amendment, alleging due process violations and violations of the equal protection clause, should be dismissed.**

Mr. Singer has brought claims under the Fourteenth Amendment for violations of his right to due process and substantive due process should be dismissed.

i. **Mr. Singer's argument as to why his substantive due process claim should not be dismissed makes clear that his claims overlap in multiple ways, and are duplicative at the very least.**

The Supreme Court of the United States has made clear, and this court similarly has cautioned, that the scope of substantive due process is very limited. *See, e.g., Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir.2005) (*citing Washington v. Glucksberg*, 521 U.S. 702, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)). Courts also acknowledge that where the alleged actions constitute a claim under the Fourth Amendment, that is the appropriate standard of review and avenue for such claim. Specifically, this court has held that where "actions fall[ ] clearly within the ambit of those activities regulated by the Fourth Amendment," the Fourth Amendment provides the appropriate standard for evaluating the claim, and "there [i]s no need for the district court to further analyze the case under the strictures of the Fourteenth Amendment." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994) (*citing Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

Mr. Singer's arguments as to why his substantive due process claim should not be dismissed underscores the overlapping and duplicative nature of such claim.

Plaintiff simply alleges that his claims are far broader than a mere unreasonable search and seizure or fourth amendment violation – and yet his arguments clearly and fall into such point. Mr. Singer for instance, argues that he was also subject to detention without any pre-arrest probably cause determination, sexual battery, retaliatory deprivation of personal liberty, harassment involving police officers arriving at his home without probable cause, and post arrest misconduct. None of these are reasonably expanded upon, nor even supported by citation to ensure that his amended complaint contains such allegations. Furthermore, these claims *do* fall under the fourth amendment analysis, which would make a substantive due process claim duplicative. To the extent that Mr. Singer attempts to provide authority for his argument, he quotes *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998), but the quotation he has provided simply does not exist in that case. It should therefore be ignored by this Court. For those reasons, Plaintiff's substantive due process claim should be dismissed.

**ii. Mr. Singer does not adequately allege a procedural due process claim, and his arguments to the contrary are insufficient and unsupported by law.**

"A procedural due process claim requires a two-fold analysis. First, we must determine whether the plaintiff was deprived of a protected interest; second, we must determine what process is due." *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir.2004). "[I]n evaluating what process satisfies the Due Process Clause," one of our sister circuits has explained, " 'the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on

random, unauthorized acts by state employees.'" *Rivera–Powell v. New York City Bd. Of Elections*, 470 F.3d 458, 465 (2d Cir.2006) (*quoting Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir.1996)); *see also Strasburger v. Bd. of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir.1998) ("To show a failure of due process, a plaintiff might show that state procedures as written do not supply basic due process or that state officials acted in a[ ] 'random and unauthorized' fashion in depriving the plaintiff of his protected interest." (*quoting Parratt v. Taylor*, 451 U.S. 527, 540, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). If the plaintiff alleges that "the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Rivera–Powell*, 470 F.3d at 465. "Under those circumstances, 'the availability of post-deprivation procedures will not, ipso facto, satisfy due process.' " *Id.* (*quoting Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880)).

By contrast, "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." *Id.* If the plaintiff has not availed herself of state remedies, he cannot "'state a valid procedural due process objection ... if [it] does not include a challenge to the fundamental fairness of the state procedures.'" *Hamlin v. Vaudenberg,* 95 F.3d 580, 583 (7th Cir.1996) (*quoting Doherty,* 75 F.3d at 323).

Mr. Singer's argument appears to be that, because he has brought a *Monell* claim then he may also bring a procedural due process claim – which is not the case.

Mr. Singer simply asserts, without authority, that because he has used the buzzwords for *Monell* in his claim, arguing that there are policy and procedural problems, that this suffices. He still does not identify what, if any, process he was deprived of. To the extent he even attempts to make an argument supported by authority, he argues against Defendants pointing out that he had the ability to challenge the contested actions through ITCA, by citing to *Zinermon v. Burch*, 494 U.S. 113, 126–27 (1990). The provided quotation for that case does not exist. That all being the case, Defendants request that his Court dismiss Plaintiff's procedural due process claim.

**2. Mr. Singer's arguments concerning IMPD being an improper party are not based in applicable law, and so IMPD should still be dismissed as a entity not able to be sued under *Monell*.**

As explained above, IMPD is not an entity which is capable of being sued. Indiana law "does not grant municipal police departments the capacity to sue or be sued." *Sow*, 636 F.3d at 300. Mr. Singer's arguments to the contrary rely upon misunderstandings of certain precedent, and do not allow him to sue IMPD for a *Monell* claim. His *Monell* claim should therefore be dismissed.

**B. Mr. Singer's argument in support his RICO claims are founded upon inapplicable precedent and do not cogently address the legal authority, and therefore his RICO claims against all Defendants should be dismissed.**

The prevailing position of courts regarding civil RICO claims against municipalities is that "municipalities are not liable for civil RICO claims." *Lathrop v. Juneau & Associates, Inc. P.C.*, 220 F.R.D. 330, 334 (S.D. Ill. 2004); *see also Aviation Professionals Institute LLC v. Gary/Chicago International Airport Authority*, Case

No. 2:06-CV-257 WCL-APR, 2007 WL 3286890, *5 (N.D. Ind. Nov. 6, 2007); *Newkirk v. Village of Steger*, Case No. 02 C 9077, 2004 WL 2191589, *13-15 (N.D. Ill. Sept. 24, 2004). In holding as such, Courts focus on two points. First, municipalities are "incapable of forming the malicious intent necessary to support a RICO action." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404-405 (9th Cir. 1991). Second, "civil RICO damages are exemplary." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3rd Cir. 1991). Though undersigned counsel was unable to locate a position on from the Seventh Circuit on such issue, this Court has, in recent history, recognized that municipalities may not be held liable under RICO. *See F & J Apartments, LLC v. Hall*, No. 418CV00010SEBDML, 2019 WL 1227696 at *2 (S.D. Ind. Mar. 15, 2019) (reviewing other circuits and determining that municipalities may not be held liable under RICO.)

Mr. Singer argues that this precedent is inapplicable, and that he may sue a municipality, because he is suing the "IMPD Enterprise created by the Monell Defendant IMPD 'person'" [Dkt, 26 at 13.] Mr. Singer has offered no legal authority to support such a position, and putting that argument in italics or quotation marks does not make a thing true. Furthermore, Mr. Singer makes abstract arguments about American citizenship being a "business and property" under RICO – which are also unsupported. [*Id.* at 15.] Such arguments ignore that all of Mr. Singer's claimed damages relate to personal injury or torts, or purported pecuniary loss stemming from personal injury torts. "Accordingly, we reaffirm our holding in *Doe v. Roe,* and in doing so reiterate this court's understanding that personal injuries, and the

pecuniary losses flowing from those injuries, are insufficient to establish standing under the civil RICO, § 1964(c)" .*Evans v. City of Chicago*, 434 F.3d 916, 930 (7th Cir. 2006*), overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Therefore, Mr. Singer's RICO claims should be dismissed.

## IV. State Law Claims

Mr. Singer has brought the following claims under state law, citing to criminal statutes: Battery under Indiana Code section 35-32-2-1; Kidnapping Indiana Code section 35-32-3-2, False Imprisonment under Indiana Code section 35-42-3-3, Conspiracy to Commit Sexual Battery under Indiana Code sections 35-42-3-3 and 35-41-5-2; and, Official Misconduct under Indiana Code section 35-44.1-1-1.

### A. Plaintiff's argument concerning his state law claims appears to acknowledge the applicability of the ITCA to his state law claims, but makes confusing and unsupported arguments as to why those claims shouldn't be dismissed.

ITCA governs lawsuits against political subdivisions and their employees. *Davidson v. Perron,* 716 N.E.2d 29, 34 (Ind. Ct. App. 1999*),* The Indiana Tort Claims Act ("ITCA") provides that "a claim against a political subdivision is barred unless notice is filed ... within one hundred eighty (180) days after the loss occurs." Ind. Code § 34–13–3–8(a). "The notice provision [of the ITCA] is ... a procedural precedent which must be fulfilled before filing suit." *Goff v. Bourbeau*, No. 220CV00019JPHMJD, 2022 WL 4599204, at 5 (S.D. Ind. Sept. 30, 2022) (*quoting Weaver v. Elkhart Community School Corporation*, 95 N.E.3d 97, 101 (Ind. Ct. App. 2018)). "The issue of compliance has been held to be a procedural precedent which is

not a question of fact for the jury but is to be determined prior to trial by the court." *Bd. of Aviation Comm'rs of St. Joseph Cnty. v. Hestor*, 473 N.E.2d 151, 153 (Ind. Ct. App. 1985).

Mr. Singer does not present a cogent argument against dismissal of his state law claims due to his failure to comply with the ITCA In fact, he acknowledges its applicability to his claims, stating "the ITCA governs claims against public employees and governmental entities in state court[,]" which are what his state law claims are. He also fails to address the failure to file a timely tort claim notice – leaving his burden unanswered. Instead, Mr. Singer argues that there is "no prerequisite to file a tort claim[] notice when alleging violations of federal constitutional rights" and any state law claims brought under "supplemental jurisdiction" need not comply with ITCA. His arguments make little sense, and for a variety of reasons. Firstly, the Defendants have never argued that his claims under federal law should be dismissed due to his failure to comply with the jurisdictional prerequisites in the ITCA, just his state law claims. Furthermore, the Plaintiff has offered zero legal authority in support of his argument that state law claims brought to federal court via supplemental jurisdiction may evade the requirements of the ITCA. Meanwhile, Defendants offered numerous citations to authority, showing the applicability of ITCA in Federal Court, in the Motion to Dismiss. That being the case, Plaintiff has failed to respond and meet his burden in showing that he complied with the ITCA, and so his state law claims should be dismissed.

**B. Mr. Singer has failed to provide a cogent or authority based argument in the face of the fact that his claims are based on criminal**

**statutes which do not have a private right of action – warranting dismissal.**

Again, Mr. Singer has brought the following state law claims:

- Battery under Indiana Code section 35-32-2-1
- Kidnapping Indiana Code section 35-32-3-2,
- False Imprisonment under Indiana Code section 35-42-3-3,
- Conspiracy to Commit Sexual Battery under Indiana Code sections 35-42-3-3 and 35-41-5-2; and,
- Official Misconduct under Indiana Code section 35-44.1-1-1.

When a civil cause of action is premised on the violation of a duty imposed by statute, the initial question is whether the statute in question confers a private right of action. *Roberts v. Sankey*, 813 N.E.2d 1195, 1198 (Ind.Ct.App.2004), *trans. denied*. A private party generally may not enforce rights under a statute designed to protect the general public and containing a comprehensive enforcement mechanism or remedies for violation of the duty. *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1260 (Ind. 2000).

Mr. Singer's argument is premised on the fact that his state law claims are before this Court on supplemental jurisdiction and the assertion that his amended complaint was screened, both points which are confused. Again, as above, Mr. Singer argues that supplemental jurisdiction allows him to bring state law claims, citing to See *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). While his supplied authority does speak generally on the matter of federal court's supplemental jurisdiction over state law claims, it does not address the argument by Defendants. Specifically, Mr. Singer fails to grapple with the fact that the criminal statutes he relies upon in bringing his claims do not confer a private right of action – in federal

or state court. Furthermore, Mr. Singer argues that his claims *must* be meritorious because *pro se* plaintiff's claims, like his, are often screened rigorously. However, it is clear from the record that the amended complaint in question was not screened – nor does such an argument negate Defendants' ability to file a motion to dismiss under Federal Rule of Civil Procedure 12(b) even if his amended complaint was screened.

## CONCLUSION

Plaintiff has failed to legitimately engage with most of Defendants arguments, relying upon assertions without legal support, misquoting cases, and factual arguments unsupported by record citation. His response to the motion to dismiss is, in this way, evidence of why the amended complaint should be dismissed. His federal claims should be dismissed due to multiple failures, and Mr. Singer's response to most of Defendants arguments is to ignore the precedent and simply assert that his claims are justified. Furthermore, his state law claims fail because he has brought claims under criminal statutes and without filing a tort claim notice – both arguments which he ignores by relying upon supplemental jurisdiction, which is not a magic wand that he can wave to bring non-existent state law claims to federal court. For those reasons, explained above, Defendants request that Mr. Singer's amended complaint be dismissed.

WHEREFORE, the City Defendants respectfully requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(B)(6) and 12(B)(1) and for all other just and proper relief.

Respectfully submitted,

OFFICE OF CORPORATION COUNSEL

*/s/ Brian Coppinger*
Michael Brian Coppinger (36179-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
Brian.Coppinger@indy.gov

## CERTIFICATE OF SERVICE

I certify that on this Tuesday, December 2, 2025 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by

operation of the Court's electronic filing system. I further certify that the following Pro-Se plaintiff was served via United States Mail at the following address:

**AARON MR. SINGER** 2885 Sanford
Ave SW #44354
Grandville, MI 49418

Respectfully submitted,
OFFICE OF CORPORATION COUNSEL

*/s/ Brian Coppinger*
Michael Brian Coppinger (36179-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
Brian.Coppinger@indy.gov